THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS RUIZ, Defendant and Appellant.

No. 9229.   Argued March 11, 1942.—Decided March 16, 1942.

*Andrés Ruiz, in pro. per.,* for appellant.   *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

■ The appellant was convicted of a subsequent offense of burglary in the first degree and sentenced to ten

years at hard labor in the penitentiary. Upon the former conviction, according to the prosecution, he was sentenced on April 22, 1935, by the District Court of Humacao to two years in the penitentiary for a subsequent offense of petit larceny. The appellant urges for the first time on appeal, as it seems, since the transcript of the evidence has not been sent up, that the judgment is erroneous as to the characterization of the crime as a subsequent offense, inasmuch as in the said prosecution for a subsequent offense of petit larceny he had not been cautioned of his right to be represented by counsel and was not so represented, and, therefore, his conviction thereof was void for lack of jurisdiction, and, consequently, it could not be taken into account for the purpose of considering as subsequent the offense of burglary in the first degree which is involved in the present appeal. In support of his assertion the appellant exhibited a certified copy of the judgment rendered in said case of petit larceny, which in its pertinent part reads as follows:

"On this the 22nd day of April, 1935, which was set for the arraignment of the accused herein, there appeared the People of Puerto Rico represented by the district attorney and the accused in person. On being arraigned and served with a copy of the information, the accused pleaded guilty.

"The court, in view of such arraignment and the plea of guilty entered by the defendant, Andrés Ruiz Muñoz, finds him guilty of a subsequent offense of petit larceny, and, he having expressly waived the term in which to pronounce sentence, sentences him to two years' imprisonment in the penitentiary at hard labor, without any imposition of costs."

If the appellant really was not cautioned as to his right to be represented by counsel in the subsequent case of petit larceny, and was unable on that account to avail himself of such right, he should have set up that fact in the lower court so that the latter might have decided the question in the first instance and enabled this court now to review such decision. Were we to consider that evidence in the present appeal, we

would be acting as a court of original jurisdiction, which jurisdiction we can only exercise in those cases where the same has been expressly conferred upon us by law.

It is also urged by the appellant that the subsequent offense of petit larceny and that of burglary in the first degree "are not at all similar offenses," and therefore the characterization of the charge of burglary in the first degree as a subsequent offense should have been stricken out.

Regarding this question, we must state that the law does not require such similarity between the two offenses in order to characterize the later one as a subsequent offense, and that §56 of the Penal Code expressly provides that if a person who, having been convicted of any offense punishable by imprisonment in the penitentiary, is subsequently convicted of an offense which, upon a first conviction, is punishable by imprisonment in the penitentiary for any term exceeding five years, such offender shall be punished by imprisonment in the penitentiary for not less than ten years.

As a subsequent offense of petit larceny is punishable by imprisonment in the penitentiary and that of burglary in the first degree is likewise punishable for a term of from one to fifteen years, the court a quo acted within the statutory discretion by sentencing the accused to ten years in the penitentiary, which is the minimum penalty provided for by law for a subsequent offense of burglary in the first degree.

For the reasons stated the appeal must be denied and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.